UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JENNIFER E.,

                Plaintiff,

v.                                                      1:19-CV-1122
                                                      (WBC)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC     JUSTIN JONES, ESQ.
  Counsel for Plaintiff                            KENNETH HILLER, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                JOHN MOLINARO, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II  UNA MCGEEHAN, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 16.)[1] The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

---

[1]     In accordance with the Standing Order dated November 18, 2020, to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

## I.     RELEVANT BACKGROUND

### A.     Factual Background

Plaintiff was born in 1980.  (T. 173.)  She received a GED.  (T. 178.)  Generally, Plaintiff's alleged disability consists of depression, bi-polar disorder, post-traumatic stress disorder ("PTSD"), anxiety, supraventricular tachycardia, and Von Willebrand's disease.  (T. 177.)  Her alleged disability onset date is January 15, 2016.  (T. 173.)  Her date last insured is June 30, 2017.  (T. 173.)  Her past relevant work consists of cab starter/dispatcher and customer service representative.  (T. 30, 179.)

### B.     Procedural History

On June 29, 2016, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act.  (T. 21.)  Plaintiff's applications were initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ").  On August 20, 2018, Plaintiff appeared before the ALJ, Michael Carr.  (T. 37-73.)  On November 30, 2018, ALJ Carr issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 18-36.)  On July 10, 2019, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-6.)  Thereafter, Plaintiff timely sought judicial review in this Court.

### C.     The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 23-32.)  First, the ALJ found Plaintiff met the insured status

requirements through June 30, 2017 and Plaintiff had not engaged in substantial gainful activity since January 15, 2016.  (T. 23.)  Second, the ALJ found Plaintiff had the severe impairments of: obesity; major depressive disorder; PTSD with panic attacks; polysubstance abuse; unspecified personality disorder; tachycardia/valvular heart disease, status post-surgery in 2013; and obstructive sleep apnea.  (*Id*.)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 24.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b); except Plaintiff:

> cannot climb ladders, ropes, or scaffolds.  She cannot have any exposure to unprotected heights or extreme heat.  She can perform simple, routine tasks and tolerate occasional contact with supervisors and co-workers.  She can have no contact with the general public.  She requires a work environment where change is minimal.

(T. 26.)[2]  Fifth, the ALJ determined Plaintiff unable to perform past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 30.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes two separate arguments in support of her motion for judgment on the pleadings.  First, Plaintiff argues the ALJ failed to rely on any medical opinions and

---

[2]   Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. §§ 404.1567(b), 416.967(b).

made his RFC determination using his own lay interpretation of the medical evidence. (Dkt. No. 12 at 14-19.)  Second, and lastly, Plaintiff argues the ALJ erred in his step two determination by finding Plaintiff's back, neck and shoulder impairments non-medically determinable impairments without any medical opinion evidence and instead relied on his own interpretation of raw medical data.  (*Id*. at 20-22.)  Plaintiff also filed a reply in which she reiterated her original arguments.  (Dkt. No. 15.)

### B. Defendant's Arguments

In response, Defendant makes two arguments.  First, Defendant argues substantial evidence supported the ALJ's RFC finding.  (Dkt. No. 14 at 12-18.)  Second, and lastly, Defendant argues the ALJ correctly found Plaintiff's back, neck, and shoulder pain were not medically determinable impairments at step two.  (*Id*. at 18-19.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct

legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

   B.   **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R.

§§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.  ANALYSIS

### A.  Step Two

Plaintiff argues the ALJ erred at step two because he determined Plaintiff's "back, neck, and shoulder pain" were not medically determinable impairments without relying on a medical opinion.  (Dkt. No. 12 at 20.)  For the reasons outlined herein, Plaintiff's argument fails.

At step two of the sequential evaluation process, the ALJ must determine whether the plaintiff has a severe impairment that significantly limits her physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c)[3].  The impairment must also meet the duration requirement, that is, the impairment must

---

[3]   Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs").  Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

6

have lasted or be expected to last for a continuous period of at least twelve months.  *Id*. §§ 404.1520(c), 416.920(c), 404.1509, 416.909.

"[T]he mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment is not, by itself, sufficient to render a condition severe."  *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012) (quotations omitted).  The plaintiff bears the burden of presenting evidence establishing severity.  *Smith v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 270, 276 (W.D.N.Y. 2018) (quoting *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012)); *see also* 20 C.F.R. §§ 404.1512(a), 416.912(a).  Moreover, as a general matter, any error in an "ALJ's severity assessment with regard to a given impairment is harmless ... 'when it is clear that the ALJ considered the claimant's [impairments] and their effect on his or her ability to work during the balance of the sequential evaluation process.' "  *Graves v. Astrue*, 2012 WL 4754740, *9 (W.D.N.Y. 2012) (alteration in original) (quoting *Zenzel v. Astrue*, 993 F. Supp. 2d 146, 153 (N.D.N.Y. 2012)).

As an initial matter, Plaintiff argues the ALJ erred in determining Plaintiff's "pain" was a medically determinable impairment at step two without relying on a medical opinion. (Dkt. No. 12 at 20.)  Pain alone is not evidence of disability.  As outlined in the regulations:

> [a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with

>the medical signs and findings), would lead to a conclusion that the individual is under a disability.

42 U.S.C.A. § 423(d)(5)(A).  Pain alone is insufficient to establish a disabling impairment.  Plaintiff must also provide medical evidence showing the "existence of a medical impairment" which could "reasonably be expected to produce the pain."  (*Id*.)  As further outlined below, the ALJ properly determined Plaintiff's allegations of back, neck, and shoulder "pain" were not medically determinable impairments.

First, contrary to Plaintiff's argument, an ALJ's step two determination is not the product of legal error when formulated absent a medical source opinion.  (Dkt. No. 12 at 20.)  An ALJ's decision at step two, like all of the ALJ's determinations, must be "supported by 'substantial evidence' in the record as a whole."  *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002); *see Guerra v. Comm'r of Soc. Sec.*, No. 1:16-CV-00991, 2018 WL 3751292, at *2 (W.D.N.Y. Aug. 7, 2018) ("[a] step two error is not reversible and does not necessitate remand where the record is devoid of evidence that the allegedly omitted impairments were severe."), *aff'd sub nom. Guerra v. Saul*, 778 F. App'x 75 (2d Cir. 2019).  Therefore, the ALJ's step two determination was not the product of legal error and for the reasons outlined below, substantial evidence supported the ALJ's step two determination.

At step two, the ALJ determined Plaintiff's back and shoulder pain were not medically determinable impairments because the record lacked laboratory or clinical findings or medical observations validating symptoms.  (T. 24); *see* 42 U.S.C.A. § 423(d)(5)(A).  Indeed, at a routine physical performed two days before her date last insured in June 2017, Plaintiff complained of left shoulder pain and back pain.  (T.  495.)  On examination, Plaintiff had a normal gait and posture, full range of motion in shoulder

8

joints, no joint tenderness; however, she had tenderness of left trapezius.  (T. 498.)  At a follow up appointment in July 2017, Plaintiff complained of right shoulder pain and upper back pain.  (T. 492.)  On examination, Plaintiff had tenderness.  (T. 493.)  Plaintiff received trigger point injections.  (T. 494.)  In September 2017, Plaintiff sought treatment for "vertigo," but no complaints of back pain were recorded.  (T. 481.)  In December 2017, Plaintiff again sought treatment for neck pain.  (T. 479.)  Plaintiff reported similar neck pain "5 months ago, had trigger shots [with] effect and wants them again."  (*Id.*)  Plaintiff again received trigger point injections.  (T. 480.)  In January 2018, Plaintiff sought treatment for psoriasis, depression, obstructive sleep apnea, memory changes, and dyslipidemia.  (T. 475.)  At that time Plaintiff did not complain of back, neck, and/or shoulder pain.  (*Id.*)  Although Plaintiff sought treatment for neck, back, and shoulder pain, the ALJ properly determined those impairments were not medically determinable impairments based on the evidence in the record as outlined above.

      Second, Plaintiff's argument is without merit because she fails to meet her burden of presenting evidence that establishes her neck, back, and shoulder impairment met the duration requirement.  20 C.F.R. §§ 404.1509, 404.1520(c), 416.909, 416.920(c) (the impairment must have lasted or be expected to last for a continuous period of at least twelve months).  Plaintiff first sought treatment for back and neck pain in June 2017.  (T. 493, 494, 495.)  Plaintiff sought treatment again, six months later, in December 2017.  (T. 480.)  There are no treatment notes in the record for treatment of pain after December 2017.  Therefore, Plaintiff fails to meet her burden at step two.

Third, Plaintiff's argument is without merit because she did not provide the ALJ with any medical evidence showing how her back, neck, and shoulder pain limited her ability to perform work. *Britt v. Astrue*, 486 F. App'x 161, 163 (2d Cir. 2012) ("Britt's argument [that the ALJ erred in finding an impairment non-severe] is without merit because he did not furnish the ALJ with any medical evidence showing how these alleged impairments limited his ability to work."). Plaintiff cites to evidence of treatment for back, neck and shoulder pain, including trigger point injections; however, Plaintiff fails to provide evidence of any functional work-related limitations due to her these impairments. Therefore, Plaintiff again fails to meet her burden.

Lastly, any error the ALJ may have made in finding Plaintiff's back, neck, and shoulder pain non-severe is harmless. The ALJ found Plaintiff suffered from other severe impairments at step two and proceeded with the sequential process. (T. 24-31.) In his written decision, the ALJ discussed and evaluated Plaintiff's complaints of back and shoulder pain at subsequent steps. (T. 26, 28.) Therefore, because the ALJ proceeded with the subsequent steps and considered all effects of all alleged impairments, any error at step two was harmless. *Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013).

### B.   RFC Determination

Plaintiff argues the ALJ's physical and mental RFC determinations were the product of legal error because the ALJ "did not rely on any opinion evidence to make his RFC determination." (Dkt. No. 12 at 14-19.) Plaintiff's argument fails.

The RFC is an assessment of "the most [Plaintiff] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The ALJ is responsible for

assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources. *Id*. §§ 404.1527(d), 404.1545(a)(3), 404.1546(c), 416.927(d), 416.945(a)(3), 416.946(c). Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity. *Id*. §§ 404.1512(c), 404.1527(e)(2), 404.1546(c), 416.912(c), 416.927(e)(2), 416.945(a), 416.946(c).

An ALJ's RFC determination is not fatally flawed merely because it was formulated absent a medical opinion. The Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted); *see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."). Therefore, Plaintiff's assertion that the ALJ's RFC determination was the product of legal error because it was not supported by a specific medical opinion is without merit.

The ALJ is obligated to formulate a claimant's RFC based on the record as a whole, not just upon the medical opinions alone. *Trepanier v. Comm'r of Soc. Sec. Admin.,* 752 F. App'x 75, 79 (2d Cir. 2018). The ALJ did just that in this case. After considering the record as a whole, the ALJ appropriately accounted for the physical and

11

mental limitations he found supported by the overall record. (T. 26-30.) Indeed, the ALJ relied on medical treatment records, Plaintiff's testimony and activities, reports from counselors and the Erie County Department of Social Services, the opinion of the State agency medical consultant, and the opinion of the consultative examiner. (*Id*.) The RFC finding is not defective merely because it "does not perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision." *Trepanier*, 752 F. App'x at 79; *see also Monroe v. Com'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (rejecting argument that remand was required because ALJ discounted the only medical opinion such that "there was no competent medical opinion that supported the ALJ's RFC determination."). Accordingly, the Court finds that the ALJ did not substitute his own lay judgment for a competent medical opinion. *Wynn v. Comm'r of Soc. Sec.*, 342 F. Supp. 3d 340, 349 (W.D.N.Y. 2018) (although the ALJ did not adopt any one medical opinion in its entirety, she did substitute her own lay judgment, she explained her reasons for not adopting the opinions and its clear how she arrived at her RFC).

In addition, it is Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018). Plaintiff fails to provide any evidence in the record supporting a more restrictive RFC than found by the ALJ.

Overall, it is not legal error for the ALJ to make a step two or RFC determination without a specific medical opinion. The ALJ must apply the proper legal standard and his determinations must be supported by substantial evidence in the record. *Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999) (internal quotations and citations omitted); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1153, 203 L. Ed. 2d 504 (2019) ("an ALJ's factual

findings [. . .] shall be conclusive if supported by substantial evidence."). For the reasons outlined herein, the ALJ's step two and RFC determinations followed to proper legal standard and were supported by substantial evidence.

**ACCORDINGLY**, it is

    **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and it is further

    **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **GRANTED**; and it is further

    **ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

    **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:  November 18, 2020

_/s/ Bill Carter_
William B. Mitchell Carter
U.S. Magistrate Judge